IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 18-cv-01528-CMA-MEH

RUSS PETRIE,

    Plaintiff,

v.

GOSMITH, INC.,

    Defendant.

---

**ORDER DENYING MOTION FOR RECONSIDERATION**

---

This matter is before the Court on Plaintiff Russ Petrie's Motion for Reconsideration (Doc. # 65) requesting the Court to reconsider its Order Granting Defendant GoSmith, Inc.'s Motion to Compel Arbitration (Doc. # 64). The Motion has been fully briefed. (Doc. ## 65, 66, and 67.) Having reviewed the underlying briefing, pertinent record, and applicable law, for the following reasons, the Court denies Plaintiff's Motion.

## I.     <u>BACKGROUND</u>

The Court's Order granting Defendant's Motion to Compel Arbitration (Doc. # 64) provides a thorough recitation of the factual and procedural background of this dispute and is incorporated herein by reference. Accordingly, the facts will be presented only to the extent necessary to address the Motion for Reconsideration.

The crux of the underlying Motion to Compel Arbitration and to Dismiss or in the Alternative Stay the Action (Doc. # 27) turned on two arguments: (1) Defendant's argument that an enforceable arbitration agreement existed, and that Plaintiff assented to it; and (2) Plaintiff's argument that he never agreed to Defendant's Terms of Use, which included the arbitration clause. (Doc. # 64 at 3.) The Court issued its Order Granting Defendant's Motion to Compel Arbitration on January 31, 2019. (*Id.*)

With respect to the first argument, the Court applied the relevant law and determined that Defendant "met its initial burden of demonstrating an enforceable arbitration agreement" when Defendant "presented evidence that there was reasonable notice of the arbitration agreement and that Plaintiff assented to that agreement." (*Id.* at 4–5.) Specifically, Defendant's evidence showed that "Plaintiff manifested assent to the Terms of Use, and thus the arbitration agreement, by affirmatively 'check[ing] [the] box to indicate his agreement to the Terms of Use and Privacy Policy, and click[ing] 'See Job Matches.'" (*Id.* at 4–5.)

Regarding the second argument, the Court rejected both of Plaintiff's contentions that there were genuine disputes of material facts as to the existence of an arbitration agreement. (*Id.* at 5–7.) Applying the proper legal standard, the Court determined that Plaintiff's own denial and statement that he did not recall visiting a website or agreeing to arbitrate were insufficient to create a dispute of material fact. (*Id.* at 6.) Moreover, in rejecting Plaintiff's assertion that Defendant's evidence was unreliable, the Court concluded that the unrebutted and undisputed evidence established that Plaintiff

2

"checked the box indicating that he agreed to the Terms of Use and, therefore, assented to the arbitration clause." (*Id.* at 7.)

On February 28, 2019, Plaintiff filed his Motion for Reconsideration and asserts three arguments. (Doc. # 65.) First, Plaintiff argues that the Court erred in finding that Plaintiff "made only a general denial that he had agreed to arbitrate" as opposed to the "detailed and specific explanation" that Plaintiff provided to support that "he *knew* that he did not visit" Defendant's website. (*Id.* at 4–5 (emphasis in original).) Second, Plaintiff contends that the Court erred by accepting Defendant's unreliable "reply evidence at face value." (*Id.* at 5–7.) Third, Plaintiff avers that any failure of the Court to reconsider its Order will result in manifest injustice. (*Id.* at 7–8.)

On March 21, 2019, Defendant filed its Opposition to Plaintiff's Motion for Reconsideration. (Doc. # 66.) On April 4, 2019, Plaintiff filed his Reply to the Response (Doc. # 67.) For the following reasons, Plaintiff's arguments are insufficient to warrant reconsideration, and as such, Plaintiff's Motion for Reconsideration is denied.

## II. STANDARD OF REVIEW

The Federal Rules of Civil Procedure do not explicitly authorize a motion for reconsideration for final judgments or interlocutory orders. *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991); *Mantooth v. Bavaria Inn Rest., Inc.*, 360 F. Supp. 3d 1164, 1169 (D. Colo. 2019). However, regarding a final judgment, the Rules allow a litigant who was subject to an adverse judgment to file a motion to change the judgment pursuant to Rule 59(e) or a motion seeking relief from the judgment pursuant to Rule 60(b). *Van Skiver*, 952 F.2d at 1243. With respect to interlocutory orders, "district courts

3

have broad discretion to reconsider their interlocutory rulings before the entry of judgment." *Mantooth*, 360 F. Supp. 3d at 1169 (considering order regarding motion to compel arbitration as an interlocutory order). Indeed, "every order short of a final decree is subject to reopening at the discretion of the district judge." *Elephant Butte Irrigation Dist. v. U.S. Dep't of Interior*, 538 F.3d 1299, 1306 (10th Cir. 2008). Still, "[t]he Court may be guided by Rules 59 and 60 standards in deciding whether to alter or vacate an interlocutory order." *Mantooth*, 360 F. Supp. 3d at 1169 (citing *Perkins v. Fed. Fruit & Produce Co. Inc.*, 945 F. Supp. 2d 1225, 1232 (D. Colo. 2013)).

There are three major grounds justifying reconsideration of an interlocutory order: "(1) an intervening change in the controlling law, (2) new evidence [that was] previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Concomitantly, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law, but such motions are "inappropriate vehicles to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." *Servants of the Paraclete*, 204 F.3d at 1012 (citing *Van Skiver*, 952 F.2d at 1243)*.*

To that end, "[a]bsent extraordinary circumstances . . . the basis for the second motion must not have been available at the time the first motion was filed." *Id.* A motion for reconsideration is not appropriate to revisit issues already addressed. *Van Skiver*, 952 F.2d at 1243. "Rather, as a practical matter, to succeed in a motion to reconsider, a

4

party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Mantooth*, 360 F. Supp. 3d at 1169 (citing *Nat'l Bus. Brokers, Ltd. v. Jim Williamson Prods., Inc.*, 115 F.Supp.2d 1250, 1256 (D. Colo. 2000)) (internal quotations omitted). "Even under this lower standard, '[a] motion to reconsider should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence." *Id.* (citing *Sanchez v. Hartley*, No. 13-cv-1945-WJM-CBS, 2014 WL 4852251, at *2 (D. Colo. Sept. 30, 2014) (refusing to reconsider an interlocutory order where the defendants did not show "an intervening change in the law, newly discovered evidence, or the need to correct clear error or manifest injustice")).

## III. ANALYSIS

Plaintiff has not met his burden to show that extraordinary circumstances justify reconsideration of the Order. Plaintiff did not provide newly discovered evidence or notice of any intervening change in the law. Additionally, Plaintiff fails to convince this Court that clear error or manifest injustice must be corrected. Instead, Plaintiff impermissibly requests this Court to revisit rehashed arguments. (Doc. # 37; Doc. # 57.) The Court reviews each argument in turn.

**A.  THE CHARACTERIZATION OF PLAINTIFF'S DENIAL DOES NOT COMPEL RECONSIDERATION OF THE COURT'S ORDER.**

A standard similar to that governing motions for summary judgment governs a motion to compel arbitration. *Stein v. Burt-Kuni One, LLC*, 396 F. Supp. 2d 1211, 1213 (D. Colo. 2005); (Doc. # 64 at 6.) Under that standard, "[c]onclusory allegations, general denials, or mere argument of an opposing party's case cannot be utilized to avoid summary judgment." *Sartori v. Susan C. Little & Assocs., P.A.*, 571 Fed. App'x 677, 680

(10th Cir. 2014) (quoting *Pasternak v. Lear Petroleum Exploration, Inc.*, 790 F.2d 828, 834 (10th Cir. 1986)). In *Sartori*, the Tenth Circuit concluded that plaintiff's detailed denials that he had an account with a lender, a copy of an original promissory note bared his signature, and that he defaulted on the note amounted "to only conclusory, self-serving, and generalized denials, which [were] insufficient at the summary judgment stage." *Id.* Another court in this District has followed this Court's lead in holding that denials are "insufficient to raise a genuine issue for trial" when evaluating whether an arbitration agreement existed. *Beattie v. TTEC Healthcare Sols., Inc.*, No. 18-cv-01574-RM-SKC, 2019 WL 2189481, at *2 (D. Colo. May 21, 2019).

Plaintiff argues that the Court erred because Plaintiff's "detailed and specific explanation about why he *knew* that he did not visit [Defendant's] site until August 2017" was sufficient "to create a genuine dispute of material fact, particularly given [Plaintiff's] inability to present any evidence *other than* his own testimony to prove that he did *not* visit the website on a particular date." (Doc. # 65 at 5 (emphasis in original).) Plaintiff is incorrect. Whether a denial is general or specific is immaterial to this Court's analysis as to whether the denial itself created a disputed material fact. *Sartori*, 571 Fed. App'x at 680. Indeed, Plaintiff's argument is nothing new. (Doc. # 27 at 5, Doc. # 64 at 5.) Contrary to Plaintiff's assertion that the Court impermissibly weighed Plaintiff's credibility (Doc. # 65 at 5), the Court did no such thing. Instead, the Court adhered to the well settled principle that a Plaintiff's denial alone does not create a dispute of material fact. (*Id.* at 5–6.) Accordingly, reconsideration of the Court's Order is not justified.

### B. PLAINTIFF'S CONTENTION THAT DEFENDANT'S EVIDENCE WAS UNRELIABLE WAS PREVIOUSLY RAISED.

Plaintiff asserts that the Court erred by relying on Defendant's unreliable evidence. Yet this argument is identical to Plaintiff's previous challenge to "the reliability of the data which allegedly indicates that [Plaintiff] registered on Defendant's website and agreed to the Terms of Use." (Doc. # 64, at 6; Doc. # 37 at 5.) In particular, Plaintiff argues that evidence attached to Defendant's Reply (Doc. # 51) lacked "trustworthiness" for various reasons. (Doc. # 65 at 5.) Indeed, Plaintiff filed a Sur-reply that addressed this exact argument. (Doc. # 57 at 2–5; Doc. # 65 at 5, 7.) As the Court previously rejected that argument, so too does the Court reject it in the absence of any new law or facts to the contrary.[1] *Mantooth*, 360 F. Supp. 3d at 1169. Moreover, in a motion for reconsideration, it is inappropriate for Plaintiff to suggest that the Court "revisit issues already addressed" in Plaintiff's Response and Sur-reply to Defendant's Motion to Compel Arbitration. *Van Skiver*, 952 F.2d at 1243. Therefore, Plaintiff's second argument is unavailing.

### C. THE COURT'S ORDER DID NOT CREATE MANIFEST INJUSTICE.

Plaintiff's final argument is that the Court must reconsider its Order to prevent the manifest injustice of requiring Plaintiff to participate in an arbitration. (Doc. # 65 at 8.) While the Tenth Circuit has not defined "manifest injustice" within the context of a motion for reconsideration, "that term is commonly defined as '[a] direct, obvious, and

---

[1] Plaintiff asserts that the Court "impermissibly weighed Mr. Petrie's credibility against that of GoSmith's declarant." (Doc. # 65 at 5.) But then Plaintiff requests that the Court weigh Defendant's declarant's credibility against Defendant in favor of Plaintiff's position. (*Id.* at 6, 9.) The Court did not weigh credibility in the first instance, and given a second chance, it declines to do so now.

observable error in a trial court . . . .'" *Tri-State Truck Ins., Ltd. v. First Nat'l Bank of Wamego*, No. 09-4158-SAC, 2011 WL 4691933, at *3 (D. Kan. Oct. 6, 2011) (quoting *Manifest Injustice*, Black's Law Dictionary 1048 (9th ed. 2009)); *Grynberg v. Ivanhoe Energy, Inc.*, No. 08-cv-2528, 2010 WL 2802649, at *3 (D. Colo. July 15, 2010). "Where reconsideration is sought due to manifest injustice, the moving party can only prevail if it demonstrates that the injustice from the case is apparent to the point of being indisputable." *Tri-State Truck Ins.*, 2011 WL 4691933 at *3 (quoting *Shirlington Limousine & Transp., Inc. v. United States,* 78 Fed. Cl. 27, 31 (Fed. Cl. 2007)) (internal quotations omitted). This Court has previously held that manifest injustice under this rule includes dismissing a *pro se* prisoner's civil rights case based upon procedural errors outside of his control. *Ford v. Lovinger,* No. 10-cv-00158-BNB, 2010 WL 1564845, at *1 (D. Colo. Apr. 19, 2010); *Lewis v. Suthers,* No. 09-cv-02521, 2010 WL 537822, at *1 (D. Colo. Feb. 12, 2010).

In the instant case, Plaintiff failed to establish that he would suffer manifest injustice as a result of the Court's Order. That participation in arbitration in and of itself automatically constitutes manifest injustice is untenable. *Sanchez v. Nitro-Lift Techs., LLC*, 762 F.3d 1139, 1148 (10th Cir. 2014) (explaining that "by submitting statutory claims to arbitration, a plaintiff does not lose the protection of the substantive rights afforded by the statute, but rather submits their resolution to an alternative forum") (citing *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26 (1991)). Plaintiff has cited no legal authority supporting the proposition that participating in arbitration results in manifest injustice. Indeed, "if one chooses to 'sign' a contract and to accept its

benefits without reading and understanding the terms, he generally must accept the consequences of his decision." *Vernon v. Qwest Comms. Int'l, Inc.*, 925 F. Supp. 2d 1185, 1191 (D. Colo. 2013) (affirming Magistrate Judge's Order granting defendant's motion to compel arbitration). Accordingly, denying Plaintiff's Motion for Reconsideration will not result in manifest injustice.

## IV. CONCLUSION

Based on the foregoing, Plaintiff's Motion for Reconsideration (Doc. # 65) is DENIED.

DATED: July 17, 2019

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge