IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 18-cv-01528-CMA-MEH

RUSS PETRIE,

    Plaintiff,

v.

GOSMITH, INC.,

    Defendant.

## ORDER DENYING SECOND MOTION FOR RECONSIDERATION

This matter is before the Court on Plaintiff Russ Petrie's Second Motion for Reconsideration (Doc. # 69) in which he again seeks reconsideration of this Court's Order Granting Defendant GoSmith, Inc.'s Motion to Compel Arbitration ("Underlying Order") (Doc. # 64). The Motion has been fully briefed. (Doc. ## 74, 75.) Having reviewed the briefing, pertinent record, and applicable law, for the following reasons, the Court denies Plaintiff's Motion.

### I.    BACKGROUND

The Underlying Order (Doc. # 64) provides a thorough recitation of the factual and procedural background of this dispute and is incorporated herein by reference. Accordingly, the facts will be presented only to the extent necessary to address Plaintiff's Second Motion for Reconsideration.

Defendant's Motion to Compel Arbitration (Doc. # 27) turned on two arguments: (1) an enforceable arbitration agreement existed, and Plaintiff assented to it; and (2) Plaintiff's argument that he never agreed to Defendant's Terms of Use, which included the arbitration clause. The Court issued the Underlying Order granting Defendant's Motion to Compel Arbitration on January 31, 2019. (Doc. # 64.)

On February 28, 2019, Plaintiff filed his Motion for Reconsideration and asserted that the Court's improper characterization of Plaintiff's denial and dependence on unreliable evidence justified reconsideration of the Underlying Order. (Doc. # 65 at 4–8.) The Court disagreed. In its Order denying Plaintiff's Motion for Reconsideration (Doc. # 68), the Court determined that Plaintiff failed to meet his burden to show that extraordinary circumstances justified reconsideration, that reconsideration was necessary to correct a clear error or manifest injustice, and that Plaintiff's motion was not an improper rehash of his previous arguments. (*Id.* at 5–9.)

However, refusing to accept the arbitration that awaits, on October 17, 2019, Plaintiff filed his Second Motion for Reconsideration (Doc. # 69) and argues that "newly discovered evidence" justifies reconsideration and shows that Defendant "misrepresented material facts in support of its motion to compel arbitration." (*Id.* at 1.) Specifically, after the Court denied Plaintiff's First Motion for Reconsideration, Plaintiff hired the company Computer Forensic Resources ("CFR") to examine his laptop hard drive and look "for evidence of whether" Plaintiff's internet history showed that he visited Defendant's website as indicated in Defendant's previously submitted evidence. (*Id.* at 5.) According to Plaintiff, CFR's report purportedly confirms that Plaintiff visited

Defendant's website, but not the sites to which Defendant attested that Plaintiff visited to accept the Terms of Service, which contained the arbitration clause. (*Id.* at 5–6, 8–9.)

On November 1, 2019, Defendant responded (Doc. # 74) and contends that Plaintiff' Second Motion for Reconsideration is improper because the underlying basis arises from previously available evidence. Moreover, Defendant avers that even if the "new evidence" is considered, it still establishes that Plaintiff visited Defendant's website, which also contradicts Plaintiff's previous sworn statement, and as such, does not show that manifest error occurred. (*Id.* at 2.)

Plaintiff replied on November 14, 2019 (Doc. # 75) and posits that, under the lenient standard that should govern reconsideration of interlocutory orders, this Court should exercise its "broad" discretion, excuse Plaintiff's belated reliance on previously available evidence, and determine that such evidence warrants reversal of its previous Order. (*Id.* at 2–4.) For the following reasons, the Court disagrees.

## II.    STANDARD OF REVIEW

The Federal Rules of Civil Procedure do not explicitly authorize a motion for reconsideration for final judgments or interlocutory orders. *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991); *Mantooth v. Bavaria Inn Rest., Inc.*, 360 F. Supp. 3d 1164, 1169 (D. Colo. 2019). "[D]istrict courts have broad discretion to reconsider their interlocutory rulings before the entry of judgment." *Mantooth*, 360 F. Supp. 3d at 1169 (considering order regarding motion to compel arbitration as an interlocutory order). Rules 59 and 60 may guide courts "in deciding whether to alter or vacate an interlocutory order." *Id.* (citing *Perkins v. Fed. Fruit & Produce Co. Inc.*, 945 F. Supp. 2d

1225, 1232 (D. Colo. 2013)). Chief Judge Brimmer recognized that "in order to avoid the inefficiency which would attend the repeated re-adjudication of interlocutory orders, judges in this district have imposed limits on their broad discretion to revisit interlocutory orders." *Blixseth v. Credit Suisse AG*, No. 12-cv-00393-PAB-KLM, 2014 WL 4799546, at *2 (D. Colo. Sept. 26, 2014) (citing *Montano v. Chao*, No., 07-cv-00735-EWN-KMT, 2008 WL 4427087, at *5–6 (D. Colo. Sept. 28, 2008) (applying Rule 60(b) analysis to reconsideration of interlocutory order); *United Fire & Cas. Co. v. McCrerey & Roberts Constr. Co.*, No. 06-cv-00037-WYD-CBS, 2007 WL 1306484, at *1–2 (D. Colo. May 3, 2007) (applying Rule 59(e) to reconsideration of duty-to-defend order)). Despite these varied approaches, "the basic assessment tends to be the same: courts consider whether **new evidence** or legal authority **has emerged** or whether the prior ruling was clearly in error." *Id.* (emphases added). Indeed, "[m]otions to reconsider are generally an inappropriate vehicle to advance "**new** arguments, or **supporting facts** which were **available** at the time of the original motion." *Id.* (quoting *Servants of the Paraclete*, 204 F.3d at 1012 (10th Cir. 2000)) (emphases added). To that end, "[a]bsent extraordinary circumstances . . . the basis for the second motion must not have been available at the time the first motion was filed." *Id.*

### III.　ANALYSIS

As a threshold matter, the fact that the Underlying Order is an interlocutory one, as opposed to a final one, is a distinction without a difference for the purpose of resolving the instant Motion. In Plaintiff's Reply Brief, he argues that this Court should apply a "lower standard" to its review of the instant Motion because, when reconsidering

4

interlocutory orders, courts are not "bound by the strictures of Rule 59 and 60." (Doc. # 75 at 2) (quoting *Mantooth*, 360 F. Supp. 3d at 1175 n.10).) Under this "lower standard," Plaintiff contends that reconsideration is warranted because he could not have discovered the evidence within his computer through "reasonable diligence" as is required for motions brought under Rule 60(b)(2). (*Id.*) In other words, Plaintiff invites this Court to select the standards from Rules 59 and 60 that best fit his position and, given that the Underlying Order is an interlocutory one, apply those standards in a "relaxed" fashion so as to excuse his failure to obtain a forensic examination prior to filing the instant Motion. (*Id.* at 2–3.) The Court declines.

"[I]n order to avoid the inefficiency which would attend the repeated re-adjudication of interlocutory orders," the Court agrees with Chief Judge Brimmer and other courts in this District that reconsideration of an interlocutory order is warranted only when new evidence or law has arisen or whether the prior ruling was clearly in error—not when reconsideration is based on "new arguments, or supporting facts which were available at the time of the original motion." *Blixseth*, 2014 WL 4799546 at *2 (citing *Montano*, 2008 WL 4427087 at *5–6; *United Fire & Cas. Co.*, 2007 WL 1306484 at *1–2). As such, regardless of whether the Underlying Order is interlocutory, Plaintiff still must show that the basis for his Second Motion for Reconsideration is proper—and in this instance, that is that the basis does not arise from previously available evidence.

When reviewing motions for reconsideration based on new evidence, courts in the Tenth Circuit focus on whether the "new evidence" was previously accessible, disclosable, or available. *See Frye v. Okla. Corp. Comm'n*, 516 F.3d 1217, 1223–24

(10th Cir. 2008) (holding that district court did not abuse its discretion in denying motion for reconsideration based on new evidence because proffered "new evidence" was a letter within movant's possession "from the commencement of the lawsuit and [was] not newly discovered evidence"); *Comm. for First Amendment v. Campbell*, 962 F.2d 1517, 1523–24 (10th Cir. 1992) (holding that district court did not abuse its discretion in denying motion for reconsideration of summary judgment order because plaintiff failed to demonstrate that alleged new evidence "was newly discovered or unavailable" through the exercise of reasonable diligence where affidavits pertained to facts previously available before summary judgment order); *Zander v. Craig Hosp.*, 267 F.R.D. 653, 656 (D. Colo. 2010) (granting motion for reconsideration based on documents that "were not previously provided or available" when the "documents [were] central to the determination of the [motion]"); *Weingarten v. Auto-Owners Ins. Co.*, No. 17-cv-01401-MEH, 2018 WL 2561042, at *2–3 (D. Colo. Apr. 17, 2018) (granting motion for reconsideration based on previously unavailable video and photographs that were part of district attorney's file for prosecution of criminal case and became available **after** the underlying motion was filed); *Smith v. Cheyenne Mountain Sch. Dist. 12*, No. 14-cv-02651-PAB-CBS, 2015 WL 4979771, at *2–4 (D. Colo. Aug. 20, 2015) (denying motion for reconsideration and declining to consider affidavit from witness who was available, but not called, at preliminary injunction hearing). Indeed, this Court too has previously held that to the extent a party "produces any new evidence," there must be an "indication that it was previously unavailable." *Gebremedhin v. Am. Family Mut. Ins. Co.*, No. 13-cv-02813-CMA-BNB, 2016 WL 7868815, at *1 (D. Colo. Feb. 5, 2016).

Plaintiff argues that his Second Motion for Reconsideration is predicated upon "new" evidence from a recently conducted forensic examination of his computer. This evidence purportedly demonstrates that Plaintiff did not visit the exact websites to which Defendant's Chief Executive Officer Brenton Marrelli swore that Plaintiff visited to accept the Terms of Use, which included the arbitration clause. (Doc. # 69 at 6–7.) Rather, the new evidence allegedly shows that he visited only Defendant's general website on that day.[1] (*Id.*) Yet, this evidence, even if true, was previously available.

It was not until this Court denied the First Motion for Reconsideration that Plaintiff hired a forensic expert to examine his computer so that he could heave one final "Hail Mary" attempt to convince this Court to depart from the Underlying Order. That the forensic examination revealed alleged facts that were not previously **asserted** does not mean that the information was not previously **available**. Although Plaintiff explains why he did not obtain the forensic examination before filing his Response to Plaintiff's Motion to Compel Arbitration (Doc. # 37), his Motion for Leave to File a Surreply (Doc. # 53), his Surreply (Doc. # 57), and his First Motion for Reconsideration (Doc. # 65), his explanation does not erode the determinative fact—that his computer was available the whole time. Indeed, Plaintiff fails to establish that this "new evidence" from his computer was inaccessible, undisclosable, or unproducible prior to the issuance of the Underlying Order. To the contrary, it is undisputed that Plaintiff's computer was within his possession since before the inception of this case. He **chose** not to hire a forensic

---

[1] The Court notes that this proffered evidence would also contradict Plaintiff's previous sworn statement attesting that he "didn't go to [GoSmith's] website" at all on May 7, 2017. *See* (Doc. # 38 at 3–4).

expert to analyze his computer until it was too late. Whether reconsideration is warranted should not turn on Plaintiff's strategic choices in litigation. Simply put, there is no indication that evidence from Plaintiff's computer was previously unavailable. *Gebremedhin*, 2016 WL 7868815 at *1. Thus, the CFR report does not constitute "new evidence" that merits reconsideration of the Underlying Order.

Moreover, permitting review of such previously available evidence at this stage undermines the need to "avoid the inefficiency which would attend the repeated re-adjudication of interlocutory orders." *Blixseth*, 2014 WL 4799546 at *2. To that end, granting reconsideration here would provide litigants with the greenlight to choose when to present evidence at their disposal depending on certain court rulings. This power certainly impedes judicial efficiency. Accordingly, the present circumstances do not warrant reconsideration of the Underlying Order compelling arbitration.

## IV.     CONCLUSION

For the foregoing reasons, Plaintiff's Second Motion for Reconsideration (Doc. # 69) is DENIED.

DATED:  January 23, 2020

BY THE COURT:

_Christine M Arguello_
CHRISTINE M. ARGUELLO
United States District Judge