**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**COURT FILE NO.: Case 1:18-cv-01528-CMA-MEH**

Russ Petrie,

    Plaintiff,

v.

GoSmith, Inc.,

    Defendant.

___

**PLAINTIFF'S OPPOSED MOTION TO SET ASIDE THE COURT'S JANUARY 31, 2019 ORDER REFERRING THIS MATTER TO ARBITRATION AND REOPEN CASE**
___

Plaintiff Russ Petrie ("Plaintiff"), by and through his undersigned counsel, respectfully requests that this Court set aside its January 31, 2019 Order and reopen his case pursuant to Fed. R. Civ. P. 60(b)(6).

**I.  Introduction.**

Plaintiff sued Defendant for violating the Telephone Consumer Protection Act. Defendant responded by fighting tooth-and-nail for over a year to compel this matter to arbitration. Once this Court compelled the case to arbitration before AAA, Defendant failed to pay its filing fees—despite multiple demands for the same—and AAA closed the case and referred the parties to this court for resolution.

Now, Plaintiff is left without recourse and has no alternative avenues to pursue his claims. Further, Defendant's refusal to engage in the arbitration that *it moved to compel* demonstrates that Defendant never intended to actually participate in arbitration. Accordingly, Plaintiff respectfully asks the Court to reopen the case.

**II.     Relevant background.**

1. Plaintiff filed his complaint in this matter on June 19, 2018. Doc. 1.

2. On September 11, 2018, GoSmith filed a motion to compel arbitration and to dismiss, or alternatively, to stay the action. Doc. 27.

3. On January 31, 2019, the Court entered an order granting GoSmith's motion to compel arbitration and staying this action "pending resolution of the arbitration." Doc. 64 at 7.

4. On February 28, 2019, Mr. Petrie moved to reconsider. Doc. 65.

5. On July 17, 2019, the Court denied his motion. Doc. 68.

6. On October 17, 2019, Mr. Petrie filed a second motion for reconsideration, based on evidence not previously submitted. Doc. 69.

7. On January 23, 2020, the Court denied his second motion for reconsideration. Doc. 76.

8. On May 12, 2020, Plaintiff demanded arbitration before AAA in conformity with the Court's order. *See* Arbitration demand attached hereto as Exhibit A.

9. On May 15, 2020, AAA demanded that Defendant pay its arbitration filing fees. *See* letter attached hereto as Exhibit B.

10. On June 1, 2020, AAA again demanded that Defendant pay its arbitration filing fees, and further gave Defendant a deadline of June 28, 2020 to do so. *See* Arbitration demand attached hereto as Exhibit C.

11. On July 14, 2020, AAA notified the parties that because Defendant had not paid its filing fees, AAA was declining to administer the arbitration and that pursuant to AAA's consumer rules, the parties were free to pursue their claims in a court of law. *See* letter attached hereto as Exhibit D.

### III. Standard.

Rule 60(b)(6) authorizes this Court to provide relief from an order "for any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6); *Johnson v. Spencer*, 950 F.3d 680, 702 (10th Cir. 2020). Rule 60(b)(6) "should be liberally construed when substantial justice will thus be served . . . ." *Johnson*, 950 F.3d at 701. (quoting *McGraw v. Barnhart*, 450 F.3d 493, 505 (10th Cir. 2006)). Relief is available under subdivision (b)(6) only in "extraordinary circumstances," *Buck v. Davis*, 137 S. Ct. 759, 772, 197 L. Ed. 2d 1 (2017).

### IV. Exceptional circumstances exist to permit relief under Rule 60(b)(6).

Here, through no fault of his own, Plaintiff is unable to pursue his claims against Defendant in arbitration. In conformity with the Court's order referring this matter to arbitration, Plaintiff commenced an arbitration against Defendant. However, AAA unequivocally declined to administer arbitration of Plaintiff's claims due to Defendant's failure to pay its portion of the required filing fees.

In *Day v. Clymo*, the court found that these exact circumstances warranted relief under Rule 60(b)(6):

> Defendant's actions have, at the very least, deprived Plaintiff of his contractual right to arbitrate this dispute. As a result, the resolution of Plaintiff's claims have been postponed by over a year. . . Accordingly, the Court concludes that exceptional circumstances exist warranting the relief Plaintiff seeks and that the interests of justice are best served by vacating this Court's August 12, 2013 Order.

No. 613CV871ORL40KRS, 2015 WL 12839516, at *2 (M.D. Fla. Mar. 6, 2015).

As a result of Defendant's conduct, not only has the resolution of Plaintiff's claims been delayed by several months, Plaintiff has been deprived of his contractual right to arbitrate his claims. Absent relief from this Court's Order, Plaintiff is without recourse to pursue his claims against Defendant. Accordingly, Plaintiff has demonstrated that "exceptional circumstances"

3

entitle her to relief under Rule 60(b)(6).

Moreover, Defendant explicitly incorporated AAA's rules for consumer arbitration into its arbitration agreement. *See* Doc. 27-3 (stating that "[t]he arbitration will be conducted by the American Arbitration Association (AAA) under its then-applicable rules, including (as appropriate) its Supplementary Procedures for Consumer-Related Disputes."). AAA's consumer arbitration rules explicitly allow Plaintiff to bring his claims in court if AAA refuses to administer an arbitration due to Defendant's failure to pay its arbitration dues. AAA Consumer arbitration rule R-1(d) ("Should the AAA decline to administer an arbitration, either party may choose to submit its dispute to the appropriate court for resolution.").

## V.     Conclusions.

Plaintiff has demonstrated that he is entitled to relief under Rule 60(b)(6). Through no fault of his own, Plaintiff has been deprived of his contractual right to arbitrate his claims against Defendant. Absent relief from this Court's Order, Defendant will have successfully circumvented liability as Plaintiff would have no recourse in pursuing his claims. Moreover, under the arbitration rules Defendant elected, Defendant's failure to arbitrate explicitly allows Plaintiff to bring his claims in court. A denial of relief in these circumstances would not only be patently unfair to Plaintiff, it would also condone Defendant's abuse of judicial process as a means of evading liability. Therefore, Plaintiff respectfully asks this Court to set aside its January 31, 2019 Order.

Dated: September 4, 2020              Respectfully submitted,

                                                        s/ Russell S. Thompson, IV
                                                        Russell S. Thompson, IV
                                                        Thompson Consumer Law Group, PC
                                                        5235 E. Southern Ave., D106-618
                                                        Mesa, AZ 85206
                                                        602-388-8898

866-317-2674 facsimile
rthompson@ThompsonConsumerLaw.com

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I certify that on September 4, 2020, I filed the foregoing document with the Clerk of the U.S. District Court for the District of Colorado, using the CM/ECF system of the Court.

s/ Russell S. Thompson, IV
Russell S. Thompson, IV

## CERTIFICATE OF CONFERENCE

I certify that, pursuant to D.C.COLO.RCivR 7.1(a), I conferred with counsel for Defnedant regarding the relief sought herein. Defendant opposes the relief sought herein. Although AAA has closed their case, Defendant advised that it intends to seek to reopen the arbitration.

s/ Russell S. Thompson, IV
Russell S. Thompson, IV