**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.:  1:18-cv-01528-CMA-MEH

RUSS PETRIE,

    Plaintiff,

v.

GOSMITH, INC.,

    Defendant.

---

**DEFENDANT GOSMITH, INC.'S MOTION TO SET ASIDE
ORDER GRANTING PLAINTIFF'S MOTION TO REOPEN CASE [DKT. 84]**

---

Pursuant to Fed. R. Civ. P. 60(b)(6), Defendant GoSmith, Inc. ("Defendant" or "GoSmith") respectfully requests that the Court set aside its October 6, 2020 Order Granting Plaintiff's Motion to Reopen Case ("Order," Dkt. 84).

## I.  Introduction

Plaintiff has been avoiding arbitration since the inception of this matter.  He was first compelled to arbitration on January 31, 2019.  Dkt. 64.  He then expended *nine months* challenging that order; both times the Court rejected his challenges.  Dkts. 65, 68, 69, 76.  After several additional months' delay, Plaintiff finally embarked on an attempt to initiate arbitration.  However, owing to a series of *exceptional* events, including GoSmith's operational closure which resulted in an unmonitored email address, AAA having an incorrect mailing address on file, and GoSmith obtaining new counsel while the

1

case was administratively closed, both the existence of the arbitration and AAA's subsequent closure of the arbitration file were unbeknownst to Defendant until August 17, 2020, *after* Plaintiff's counsel opportunistically sought to have this case reopened without notice to or conference with defense counsel. *See* Dkt. 81 (Plaintiff's Motion to Set Aside the Court's January 31, 2019 Order Referring This Matter to Arbitration and Reopen Case ("First Motion to Reopen")).

Astounded to learn of the developments, Defendant immediately initiated correspondence with AAA regarding reopening of the arbitration and sought to remedy the issues that led to the closure of the file in the first instance. Plaintiff's counsel were aware of and party to these communications; nevertheless, counsel surreptitiously filed a second Motion to Set Aside the Court's January 31, 2019 Order Referring this Matter to Arbitration and Reopen Case ("Second Motion to Reopen," Dkt. 83), resulting in the Court's order reopening the case. Dkt. 84 ("Order). Defendant learned of the Order on October 28, 2020, via Plaintiff's counsel's request for a 26(f) conference.

Defendant is, and always has been, ready and willing to arbitrate this matter, and has expended significant resources to this end over the course of this case. Since learning of the arbitration, Defendant has diligently sought to satisfy AAA's requirements and reopen the arbitration before AAA. At this juncture, the AAA issues are resolved, and there is nothing preventing the parties from proceeding in arbitration other than Plaintiff's refusal. Accordingly, GoSmith respectfully requests that the Court set aside its Order and direct the parties to do what it previously compelled—arbitrate.

## II.   Statement of Facts

### a.   Relevant Procedural History.

In this case filed under the Telephone Consumer Protection Act ("TCPA"), GoSmith, represented by prior counsel, moved to compel arbitration on September 11, 2018, based on Plaintiff's acceptance of terms on GoSmith's website.  Dkt. 27.  The Court granted this Motion on January 31, 2019.  Dkt. 64.  Nearly one month later, on February 28, 2019, Plaintiff moved for reconsideration.  Dkt. 65.  The Court denied this motion on July 17, 2019.  Dkt. 68.  Plaintiff then moved for reconsideration a second time on October 17, 2019.  Dkt. 69.  The Court similarly denied this motion on January 23, 2020.  Dkt. 76. Thereafter, on February 5, 2020, the Court directed the Clerk of the Court to keep this case "ADMINISTRATIVELY CLOSED" until September 30, 2020, "unless, prior to that date, one or both parties file a request to have the case remain pending as administratively closed because the arbitration has not been completed, or file a motion to reopen or dismiss the case *based on the arbitrator's order in the arbitration proceeding*."  *See* Dkt. 78 (emphasis added).

As of September 30, 2020, the parties had not completed arbitration and thus no "arbitrator's order in the arbitration proceeding" had been issued.  Further, as addressed in detail below, the parties were in communication regarding the arbitration, with GoSmith actively involved in efforts to reopen the arbitration with AAA.  Rather than file a request to have the case remain pending as administratively closed because the arbitration has not been completed, Plaintiff sought to reopen the case on grounds that, "through no fault of his own," "Plaintiff is without recourse to pursue his claims against Defendant [in

arbitration]" "due to Defendant's failure to pay its portion of the required filing fees."  Dkt. 83, at 3 ("As a result of Defendant's conduct, . . . Plaintiff's claims have been delayed by several months . . . .").  As noted herein, Plaintiff's delay is of his own making.  Moreover, since receiving notice of the arbitration, GoSmith has paid AAA the required fees and submitted its arbitration clause to the AAA registry; that submission has been accepted and AAA stands ready to administer the arbitration.

### b.  <u>GoSmith Shuts Down Operations and Obtains New Counsel</u>

On January 31, 2020, GoSmith ceased operations, at which time GoSmith shut down its domain gosmith.com and stopped monitoring its email address hello@gosmith.com.[1]  *See* Declaration of Brenton Marrelli ("Marrelli Decl.") filed concurrently herewith at ¶ 5.  This status prevented GoSmith from receiving notice of correspondence sent to the above email address.  *See id.* at ¶ 6.

Moreover, *after* the administrative closure of the case and *before* Plaintiff initiated arbitration, both of GoSmith's prior counsel from Dorsey & Whitney, LLP ("Dorsey"), Ms. Gupta and Ms. Krasovec, separated from Dorsey.  Ms. Krasovec joined Manatt, Phelps & Phillips, LLP ("Manatt") in April 2020.  On August 17, 2020, upon learning of Plaintiff's attempts to initiate arbitration, GoSmith transitioned this matter to Manatt.  From at least August 20, 2020 onward, both AAA and Plaintiff's counsel had direct confirmation that GoSmith was represented by Manatt and all parties were exchanging regular correspondence concerning this matter.

---

[1] The email address remains active for preservation purposes only.  *See* Marrelli Decl. at ¶ 5.

### c.  **Plaintiff's Delay and GoSmith's Lack of Notice**

For three months, from the administrative closure of the case in February 2020 until May 2020, Plaintiff's counsel did not initiate arbitration.  Then, on May 12, 2020, Plaintiff filed a demand for arbitration with AAA.  *See* Dkt. 83-1.  Plaintiff's demand for arbitration identifies Ms. Gupta and Dorsey as GoSmith's representative and includes Ms. Gupta's inactive email address.  *Id.*  AAA's records reflect that it later provided notice of the arbitration demand to GoSmith at 1370 Willow Road, Menlo Park, CA 94025 and via email to hello@gosmith.com, and to Plaintiff's counsel via mail and email.  *See* Declaration of Alexandra N. Krasovec ("Krasovec Decl."), filed concurrently herewith, at ¶ 23 & Ex. E.[2]  On May 15, 2020, AAA issued further correspondence to GoSmith at the Menlo Park address and via email to hello@gosmith.com, directing GoSmith to submit its arbitration clause for review.  Dkt. 83-2.  However, as a result of its operational closure and AAA's mailing to the incorrect address, GoSmith never received notice of the arbitration demand nor this further instruction from AAA.  Marrelli Decl. at ¶¶ 3-4.  On June 1, 2020, AAA sent GoSmith correspondence (again to the unmonitored email address and incorrect mailing address), copying Plaintiff's counsel, requesting that GoSmith remit payment of arbitration fees.  Dkt. 83-3.  Again, GoSmith did not receive this correspondence.  Marrelli Decl. at ¶ 4.  On July 14, 2020, AAA sent another letter to GoSmith and Plaintiff's counsel, this time informing the parties that it "decline[d] to

---

[2] AAA provided notice directly to GoSmith, rather than to counsel, likely due to its receiving an automatic response from the email address gupta.divya@dorsey.com, identified on Plaintiff's demand for arbitration.  *See* Dkt. 83-1.

administer an arbitration" because it had not "received the required fees from GoSmith," but that if GoSmith resolves its payment obligations and registers its arbitration clause, AAA may consider accepting the arbitration.  Dkt. 83-4.  As with the prior correspondence, GoSmith did not receive this letter.  Marrelli Decl. at ¶ 4.

   While Plaintiff's counsel were copied on AAA's correspondence and received notice via email and mail,  (Krasovec Decl. at ¶ 23 & Ex. E),  it does not appear that Plaintiff's counsel made any attempt to inform GoSmith or it's counsel of the arbitration or AAA's notices, even in light GoSmith's absent response.  *See id.* at ¶¶ 10-11 & Ex. A.[3]

   It was not until August 17, 2020, *eleven days after* moving to reopen this case for the first time (and two days after the Court denied its motion without prejudice for failure to comply with the meet and confer requirement (Dkt. 82)), that Plaintiff's counsel *for the first time* attempted to contact Ms. Krasovec and others at Dorsey stating Plaintiff's intent to refile his motion to reopen the matter.  Krasovec Decl. at ¶¶ 6-7 & Ex. A.  After receiving kickback emails informing him that Ms. Krasovec and Ms. Gupta no longer worked at Dorsey, he reached out to others at Dorsey to inquire as to whether GoSmith opposed Plaintiff's motion.  *Id.* at ¶ 8 & Ex. A.  Ms. Krasovec was forwarded this correspondence and she responded to Plaintiff's counsel stating:

   We are in the process of transitioning the matter to Manatt now.  Your

---

[3] Plaintiff's counsel's failure to provide GoSmith notice of the arbitration runs afoul of AAA's Consumer Arbitration Rules.  Under the Rules, "The party who starts the arbitration (referred to as the "claimant" throughout the arbitration) must contact, in writing, the party that the case is filed against . . . that it wishes to arbitrate a dispute." R-2(a)(1).  Further, "[i]f the arbitration is pursuant to a court order, . . . the claimant must also send . . . [A copy of the court order]."  R-2(a)(3).  Plaintiff also failed to provide a copy of the court order to AAA.

motion, circulated below, seems to indicate issues surrounding the initiation of arbitration with AAA. **This is the first I am hearing of these**, but to the extent something has been lost in the shuffle following my departure, we certainly would like to rectify the situation.

*Id.* at 9 & Ex. A (emphasis added).

On August 19, 2020, counsel for the parties had a call to discuss the status of the case. *Id.* at ¶ 12 & Ex. B at p. 7. That same day, Ms. Krasovec confirmed via email to Plaintiff's counsel that "**GoSmith is willing to take steps to rectify the situation with AAA and pay any necessary fees for the arbitration**" and that she would follow up with AAA regarding their attempts to notify GoSmith of the fee requirement and the eventual closure of the arbitration. *Id.* at 13 & Ex. B at p. 7 (emphasis added). Further, she requested a copy of the arbitration demand which GoSmith had not yet received and stated that GoSmith "appreciate[s] your holding off on filing anything with the Court." *Id.*[4]

**d. <u>GoSmith's Ongoing Efforts to Reopen The Arbitration and Plaintiff's Attempts to Reopen the District Court Case</u>**

Between August 20 and 28, GoSmith corresponded with AAA regarding the path to reopening arbitration. Krasovec Decl. at ¶¶ 17-19 & Ex. D at p. 2-3. Despite GoSmith's

---

[4] Plaintiff's arbitration demand seeks arbitration under the consumer rules, despite its allegation in the Statement of Claim that "Mr. Petrie is a self-employed residential contractor doing business as RG Remodeling." Krasovec Decl. at ¶ 16 & Ex. C-2. Under the arbitration provision, Plaintiff is not a consumer for whom AAA's Consumer Arbitration Rules would apply; rather, he is a business and would be subject to AAA's Commercial Arbitration Rules. However, owing to Plaintiff's initiation of a *consumer* arbitration, AAA has required GoSmith to register its arbitration provision with AAA's consumer clause registry. This registration requirement is not applied to commercial arbitrations brought under arbitration clauses in business agreements like the one here. Had Plaintiff properly styled his arbitration demand, this hurdle to opening the arbitration imposed by AAA might have been avoided. *See* Krasovec Decl. at ¶ 37 & n.1.

clearly evinced intent to reopen arbitration, both to Plaintiff's counsel and as shown through its correspondence with AAA, Plaintiff's counsel informed GoSmith of Plaintiff's intent to re-file his motion to reopen the following week.  *Id.* at ¶ 24 & Ex. B at p. 4. GoSmith again relayed its intention to rectify the issues with AAA and pursue arbitration. *Id.* at ¶ 25 & Ex. B. at p. 3 ("[GoSmith] has every intention of paying the necessary fees for arbitration to proceed in this matter and would have done so earlier if it had received notice of the arbitration and/or the correspondence from AAA. Now that GoSmith has been informed of the issue, the appropriate course of action is to seek [to] reopen the arbitration and permit it to proceed. Indeed, under the circumstances, there really is no reason to get the Court involved at this juncture.").

Despite this, on August 31, 2020, Plaintiff's counsel, based upon his inaccurate and unfounded belief that GoSmith received notice, expressed their intention to proceed with the Motion to Reopen and asked GoSmith to "confirm [it] opposes," stating, "If we do not hear from you by close of business on Wednesday, we will assume GoSmith is opposed."  *Id.* at ¶ 26 & Ex. B. at p. 1-2.  GoSmith's counsel responded again explicitly stating its intent to open the matter in arbitration.  *Id.* at ¶ 27 & Ex. B. at p. 1.  With communications ongoing between GoSmith and AAA, copying Plaintiff's counsel, but without confirmation of GoSmith's opposition or any further communication with GoSmith's counsel directly, Plaintiff filed his Second Motion to Reopen on September 4, 2020 certifying to the Court that he "conferred with counsel for Defnedant[*sic*] regarding the relief sought herein. Defendant opposes the relief sought herein. Although AAA has

closed their case, Defendant advised that it intends to seek to reopen the arbitration." *Id.* at ¶ 29; *see* Dkt. 83 at p. 5.

As a result of the matter being transferred to new counsel and due to the administrative closure of the file, GoSmith's current counsel did not receive notice via ECF of the Motion to Reopen. *Id.* at ¶ 30. Moreover, Plaintiff's counsel did not serve or otherwise notify GoSmith's counsel of the filing, despite previously engaging on the very subject. *Id.* at ¶ 31. GoSmith received notice of the Second Motion to Reopen *after* the Court issued the Order reopening the case, and thus did not have an opportunity to be heard. *Id.* at ¶¶ 32-33 & Ex. F; *see* Dkt. 85. Plaintiff's counsel similarly did not serve or otherwise provide notice of the Court's October 6, 2020 Order reopening the case which "DIRECTED" the parties "to contact Magistrate Judge Hegarty's Chambers *on or before 10/13/2020* to obtain dates for a scheduling conference" (*see* Dkt. 84 (emphasis added)). *Id.* at ¶ 34. Rather, in direct contravention to the Court's Order, Plaintiff's counsel failed to notify GoSmith of this Order prior to October 13, so no such conference to obtain dates was ever held. *Id.* Moreover, counsel waited until October 28, 2020 to contact GoSmith and only did so to schedule a Rule 26(f) conference. *Id.* at ¶ 33 & Ex. F (attaching a courtesy copy of the Court's subsequent Minute Order setting a Rule 16 Scheduling Conference, dated October 9, 2020 (*see* Dkt. 85) and requesting GoSmith's availability for a Rule 26(f) conference).

### e.  Status of GoSmith's Efforts to Reopen Arbitration with AAA

GoSmith has continued to correspond with AAA to resolve the registry and fee issues to permit reopening of this case in arbitration. After numerous exchanges with

AAA to obtain further information on the case closure and the registration issue, and exploring options for reopening the case, GoSmith was directed to submit its clause to the registry.  Accordingly, on November 2, 2020, GoSmith submitted its arbitration clause for review.  Krasovec Decl. at ¶¶ 37-38.  Upon review, AAA informed GoSmith that its provision deviated from AAA's Consumer Rules.  *Id.* at ¶ 39 & Ex. G.  Accordingly, GoSmith proposed a revision to its arbitration clause to comply with AAA's Consumer Rules.  *Id.* at ¶ 41.  AAA accepted GoSmith's proposed revisions on December 3, 2020 and directed GoSmith to "resubmit" its arbitration provision with the revised language.  *Id.* at ¶ 41.  GoSmith resubmitted its arbitration provision to AAA on December 4, 2020 for approval.  *Id.* at 42.  AAA affirmed acceptance of the clause to the registry on December 11, 2020.  *Id.* at ¶ 43 & Ex. H ("GoSmith, Inc. and its consumer arbitration clause will be included on the Consumer Clause Registry.").  On December 15, 2020, GoSmith informed Plaintiff's counsel that the parties can now request that the arbitration for this case be reopened.  *Id.* at ¶ 45 & Ex. I.

## III.  Argument

Federal Rule of Civil Procedure 60(b), provides that courts may relieve a party from a final judgment, order or proceeding for: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) ***any other reason that justifies relief***.  Relief under Rule 60(b)(6) for "any other reason justifying relief" is appropriate when circumstances are so "**unusual**" or "**compelling**" that "extraordinary" relief is warranted.

10

*Pierce v. Cook & Co.*, 518 F.2d 720, 722 (10th Cir. 1975) (en banc) (emphasis added); *see also In re Gledhill*, 76 F.3d 1070, 1081 (10th Cir. 1996) (affirming district court granting relief under Rule 60(b)(6) due to "**exceptional circumstances**") (emphasis added).  Courts have also granted relief under Rule 60(b)(6) "when it offends justice to deny such relief."  *In re Centrix Fin., LLC*, No. 09-CV-00088-PAB-CBS, 2019 WL 4242667, at *2 (D. Colo. Sept. 6, 2019) (quoting *id.* at 579).

Here, the Court's Order granting the Motion to Reopen should be reconsidered and set aside because of the "unusual combination of events which have occurred make the situation extraordinary" and because it would "offend justice" to force the parties to litigate this case in the district court for the reasons described below.  *See Pierce*, 518 F.2d at 723.

*First*, GoSmith did not receive notice of the arbitration due to a confluence of unusual events, which constitute a compelling reason justifying reconsideration.  GoSmith ceased operations in January 2020 which caused it to stop monitoring its email address hello@gosmith.com.    Marrelli  Decl. at ¶  5.    AAA  sent  the  arbitration  notice  and correspondence to this unmonitored email address; accordingly, GoSmith did not receive AAA's correspondence until August 17, 2020, when it became aware of the arbitration through communications from Plaintiff's counsel regarding their efforts to reopen this case.  *Id.* at ¶ 5-6; Krasovec Decl. at ¶¶ 6-11 & Ex. A.  Similarly, AAA had an incorrect mailing address for GoSmith, resulting in simultaneous lack of notice by mail.  Marrelli Decl. at ¶ 3.

11

Plaintiff's Motion to Reopen paints GoSmith as non-responsive, but this is simply untrue.  GoSmith has responded swiftly and repeatedly since receiving actual notice of the arbitration.  Krasovec Decl. at ¶¶ 6-46 & Exs. A-B, D, F-I.  As noted, any failure by GoSmith to timely respond to the AAA demand and related correspondence in the first instance was due to lack of notice.  Krasovec Decl. at ¶¶ 6-13, 15, 17, 25 & Exs. A-B; Marrelli Decl. at ¶¶ 4, 6.  GoSmith has invested heavily to move this case to arbitration and continues to express unequivocal interest in proceeding with arbitration.  *See* Dkts. 64, 68, 76.  GoSmith has also gone to great lengths and additional expense to get this arbitration accepted by AAA since becoming aware of the initial arbitration file closure. Krasovec Decl. at ¶¶ 17-23, 37-44 & Exs. D-H.  Meanwhile, Plaintiff has taken the bare minimum step of filing in arbitration, but avoided contacting GoSmith's counsel in furtherance of the arbitration.  Now, with GoSmith aware of the arbitration and having resolved the registration issue with AAA, Plaintiff simply refuses to submit to arbitration. Krasovec Decl. at ¶ 45-46 & Ex. I; *see generally* Dkt. 81, 83.  Such behavior is both opportunistic and consistent with Plaintiff's repeated efforts to avoid arbitration in the first instance.  *See* Dkts. 37-39, 65, 67, 69, 70, 75.  Thus, there is compelling reason justifying relief.

*Second*, GoSmith did not receive notice of and did not file an opposition to Plaintiff's Motion to Reopen as the result of unusual and compelling events justifying relief.  This lack of notice resulted from GoSmith's change in counsel during the administrative closure of this matter.  Krasovec Decl. at ¶¶ 29-32; *see* Dkt. 86.  Despite his express knowledge of the change in counsel and that the information on the docket

was outdated, Plaintiff made no effort to notify GoSmith's current counsel of the filing.  It was not until after the Court's Order on the Motion to Reopen, that Plaintiff's counsel attempted any outreach regarding the filing or its outcome.  Krasovec Decl. at ¶¶ 33-35 & Ex. F.

*Third*, any overall delay in the arbitration process rests on Plaintiff's shoulders.  To illustrate, Plaintiff's duplicative challenges caused a combined one year delay.  *See* Dkts. 27, 64, 65, 68, 69, 76.  Plaintiff then waited an additional three months following the Court's order on Plaintiff's Second Motion for Reconsideration before filing in arbitration. *See* Dkt. 76; 83-1.  In this regard, Plaintiff's representation to the Court that any delay was "through no fault of his own," is specious.  *See* Dkt. 83, at 3.  It is also insincere, as Plaintiff failed to make any attempt to contact GoSmith's counsel until August 17, 2020, over three months *after* the arbitration demand was filed, and only then to belatedly notify GoSmith of Plaintiff's attempt to request reopening of this case.  Krasovec Decl. at ¶¶ 6-11 & Ex. A.

*Fourth*, GoSmith's ongoing and persistent efforts to resolve the AAA registry issues and reopen arbitration constitute exceptional circumstances that warrant setting aside the Order and moving this case back to arbitration.  As detailed above, once actually notified of the arbitration demand, AAA's clause registration and fee requirements, and AAA's closure of the arbitration, GoSmith immediately sought to rectify the issue.  Krasovec Decl. at ¶ 17 & Ex. D.  GoSmith copied Plaintiff on many of its exchanges with AAA concerning these efforts, including correspondence dated September 2, 2020, a mere two days before Plaintiff filed his Second Motion to Reopen, which informed AAA that

GoSmith intended to "get this arbitration back up and running" and provided updated email addresses for its counsel. *Id.* at ¶¶ 20-21 & Ex. D. At this time, GoSmith has paid all necessary fees to AAA and, as of December 11, 2020, AAA has accepted GoSmith's arbitration clause into its registry, which permits arbitration to be reopened. *See* Krasovec Decl. at ¶¶ 38-44 & Exs. G-H. GoSmith's continuous remedial efforts toward arbitration justify relief, and it would offend justice (and severely prejudice GoSmith) to deny the parties the ability to arbitrate, thereby reversing the Court's three different rulings compelling arbitration, especially now that all prior hurdles have been resolved.

*Fifth*, Plaintiff's glaring omissions in his Motion to Reopen particularly with respect to GoSmith's *ongoing* efforts to arbitrate this case and continual communications amongst counsel concerning these efforts are telling. Specifically, Plaintiff moved to reopen the case in this Court *while* simultaneously engaging in open discussions with AAA and counsel for GoSmith regarding reopening of the arbitration. Plaintiff did so without providing notice to GoSmith's counsel, whom Plaintiff's counsel know differ from counsel identified on an otherwise closed docket. Further, Plaintiff failed to inform the Court of any outstanding exchanges between counsel regarding arbitration, and in particular GoSmith's express willingness to proceed in arbitration and efforts to remedy any issues with AAA. Counsel's behavior smacks of opportunism, and constitutes further *unusual* circumstances warranting relief.

All told, this Court compelled this case to arbitration, reaffirming its decision to do so *twice*, and GoSmith has taken every effort to carry out this process since becoming aware of Plaintiff's demand and AAA's response. The parties should have the opportunity

to carry out the Court's directive.  The convergence of highly unusual events that has impacted GoSmith's ability to appear in arbitration and to oppose Plaintiff's Motion to Reopen constitute exceptional circumstances justifying relief.  *See Pierce*, 518 F.2d at 722; *In re Gledhill*, 76 F.3d at 1081.  Allowing Plaintiff to pursue this case in district court under these circumstances would offend justice.  *See Centrix*, 2019 WL 4242667, at *2 (granting motion to set aside order).

**IV.    Conclusion**

For the reasons stated above, GoSmith's motion should be GRANTED in its entirety, and the parties should be relieved from the Order and this case returned to arbitration.

DATED:  December 16, 2020

> *s/ Alexandra N. Krasovec*
> Alexandra N. Krasovec*
> MANATT, PHELPS & PHILLIPS, LLP
> 2049 Century Park East, Suite 1700
> Los Angeles, CA 90067
> Telephone: (310) 312-4000
> Facsimile: (310) 312-4224
> Email: akrasovec@manatt.com
> *Admitted in the District of Colorado*
> *Counsel for Defendant GoSmith, Inc.*

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a), and as described in the Krasovec Declaration, I hereby certify that counsel for the movant has conferred with opposing counsel in a good faith effort to resolve the issues but has been unable to do so.

By: *s/ Alexandra N. Krasovec*
Alexandra N. Krasovec

## CERTIFICATE OF SERVICE

I hereby certify that on this 16 day of December, 2020, I electronically filed the foregoing ***DEFENDANT GOSMITH, INC.'S MOTION TO SET ASIDE ORDER GRANTING PLAINTIFF'S MOTION TO REOPEN CASE [DKT. 84]*** with the Clerk of the U.S. District Court for the District of Colorado, using the CM/ECF system of the Court, which will send notification of such filing to the following:

Russell S. Thompson, IV, Esq.
Amorette Rinkleib, Esq.
Thompson Consumer Law Group, PLLC
5235 E. Southern Avenue, D106-618
Mesa, AZ  85206
Tel:   (602) 388-8898
Tel:   (602) 845-5969
Fax:  (866) 317-2674
Email:  rthompson@ThompsonConsumerLaw.com
Email:  arinkleib@ThompsonConsumerLaw.com
*Attorneys for Plaintiff* Russ Petrie

I hereby certify that I have mailed by United States Postal Service the following document to the following non-CM/ECF participants:  N/A.

Dated this 16 day of December, 2020.

*s/ Alexandra N. Krasovec*
Alexandra N. Krasovec

16