**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 18-cv-01528-CMA-MEH

RUSS PETRIE,

    Plaintiff,

v.

GOSMITH, INC.,

    Defendant.

---

**ORDER**

---

This matter is before the Court on Defendant's Motion to Set Aside Order Granting Plaintiff's Motion to Reopen Case. (Doc. # 90). The Motion is granted for the following reasons.

### I.    BACKGROUND

This case arises under the Telephone Consumer Protection Act (TCPA). Defendant GoSmith, Inc. was an online home improvement marketplace for consumers and service professionals. (Doc. # 27, p. 3). Plaintiff Russ Petrie is a residential contractor and owner of RG Remodeling. (Doc. # 38, p. 1). Plaintiff claims that Defendant sent hundreds of calls and text messages to his cell phone, in violation of the TCPA. (Doc. # 1).

In September 2018, Defendant moved to compel arbitration pursuant to its Terms of Use. (Doc. # 27). Defendant claimed that, as a registered user of the Defendant's

1

services, Plaintiff had agreed to Defendant's Terms of Use, including an agreement to arbitrate "any dispute or claim between you and [Defendant]." (Doc. # 27-3, p. 2). Plaintiff countered that he had never agreed to the Terms of Use, and that he therefore could not be compelled to arbitrate his claims. (Doc. # 28). This Court agreed with Defendant. (Doc. # 64). On January 31, 2019, this Court granted Defendant's motion to compel arbitration, and the Court administratively closed the case. (Doc. # 64). Plaintiff filed two Motions for Reconsideration, (Doc. ## 65, 69), and this Court denied both requests. (Doc. ## 68, 76).

In September of 2020, Plaintiff moved to reopen the case. (Doc. # 83). Plaintiff represented to the Court that Defendant had failed to pay its arbitration fees and had thus prevented the arbitration from moving forward. (Doc. # 83, p. 3). Plaintiff argued that, due to Defendant's failure to pay the fee, he "would have no recourse in pursuing his claims" unless he was allowed to reopen this case and litigated in federal court. (Doc. # 83, p. 4). When Defendant failed to respond to the Motion to Reopen, this Court granted the motion and reopened the case. (Doc. # 84).

Defendant now asks the Court to set aside its order reopening the case and order the parties back to arbitration. (Doc. # 90). Defendant argues that, "owing to a series of exceptional events, including GoSmith's operational closure which resulted in an unmonitored email address, AAA having an incorrect mailing address on file, and GoSmith obtaining new counsel while the case was administratively closed," it never received notice of the arbitration. (Doc. # 90, p. 1). Therefore, Defendant argues, it was not aware that it needed to pay an arbitration fee.

Plaintiff argues, essentially, that Defendant is lying. (Doc. # 92). Plaintiff claims that, despite its claims to the contrary, Defendant *did* receive notice of Plaintiff's arbitration demand, and that AAA – the arbitration provider – provided ample notice to Defendants that their arbitration fee was due. (Doc. # 92).

## II.  ANALYSIS

Under F.R.C.P. 60(b), "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgement, order, or proceeding" for a number of reasons, including "mistake, inadvertence, surprise, or excusable neglect," or for "any other reason that justifies relief." "Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances." *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990). However, Rule 60(b) gives the court a "grand reservoir of equitable power to do justice in a particular case." *Pierce v. Cook & Co.*, 518 F.2d 720, 722 (10th Cir. 1975) (internal quotations omitted).

The Court finds that exceptional circumstances justify Rule 60(b) relief in this case. First, having reviewed the parties' briefs and exhibits, the Court finds that those documents support Defendant's position that its failure to pay the arbitration fee was a mere mistake or inadvertence. Defendant has demonstrated, and Plaintiff does not dispute, that there was a rare and unexpected confluence of events – including Defendant's company closing around the same time that its lawyers changed firms – that are unlikely to be repeated. Therefore, the Court concludes that Defendant's failure to pay the required arbitration fee amounts to excusable neglect, and that relief under Rule 60(b) is justified.

Next, the Court finds that relief is warranted because the basis for Plaintiff's Motion to Reopen is no longer present. In Plaintiff's Motion to Reopen, Plaintiff represented to the Court that he feared having "no recourse in pursuing his claims." (Doc. # 83, p. 4). That fear is no longer justified: Defendant has demonstrated that it is ready and willing to participate in arbitration of Plaintiff's claims.

Finally, the Court finds that relief is justified by the strong federal policy favoring arbitration. Federal courts have long recognized that arbitration is a fair and efficient means for resolving disputes, and federal policy favors arbitration. *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). In light of this policy, the Court finds no reason to proceed to litigation when both parties have demonstrated their willingness to resolve this dispute through arbitration. (*See, e.g.* Doc. # 83, p. 4 (invoking Plaintiff's "contractual right to arbitrate his claims against Defendant.")).

### III.   CONCLUSION

For the foregoing reasons, Defendant's Motion to Set Aside Order Granting Plaintiff's Motion to Reopen Case (Doc. # 90) is GRANTED and the parties are ORDERED to participate in arbitration as directed in the Court's January 31, 2019 order (Doc. # 64). The Court FURTHER ORDERS that this case shall be administratively closed pending the outcome of the arbitration.

DATED:  July 29, 2021         BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge